REQUESTED BY: Senator Loran Schmit Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Schmit:
You have asked our opinion on two questions relating to the authority of the Nebraska Bingo and Pickle Card Regulatory Commission.
In your first question you ask, `Are bingo licenses issued under Sections 9-141 to 9-143 after the effective date of LB 259 valid for a one year period from the date of issuance or do they expire the following March 31st in accordance with the position of the Department and Commission?'
In your correspondence to us you have pointed out that the Department of Revenue and apparently the Nebraska Bingo and Pickle Card Regulatory Commission have taken the position that bingo licenses issued after the effective date of LB 259 will expire March 31 of the date following issuance.
We have investigated this matter by talking to the chairman of the commission and personnel in the Department of Revenue. As an initial matter, it should be pointed out that the commission has not adopted any formal rules and regulations nor established any expiration date for licenses issued by the commission. At the same time, the information which has been sent out to bingo and pickle card operators and the licenses which have been issued pursuant to Neb.Rev.Stat. §§ 9-141 through 9-143 (Supp. 1983) have all informed license holders that the licenses will expire March 31 following the date of issuance.
Three reasons are advanced for using this date. First, it has been done this way in the past. Secondly, bingo operators are required under Neb.Rev.Stat. § 9-166 (Supp. 1982) to secure a permit from the city, village or county clerk or the city finance department for the area in which the bingo game is to be conducted. These annual permits all expire on March 31 of each year. That section was not amended by LB 259 and has been in place since 1968.
It is different and separate from the license issued under the above referenced statutes under the auspices of the commission. Conforming the date of the expiration of the permit required and the license issued by the state was believed to make it easier on licensees and permit holders in terms of having the required licenses and permits at coordinated times. The final reason advanced is administrative convenience. That is, that if all licenses expire at the same time on an annual basis, the administration by the commission and the applications by the licenses would be more easily handled than those which would expire on a random basis during a continuous year.
We have examined all of the provisions of the Nebraska Bingo and Pickle Card Regulatory Act, Neb.Rev.Stat. §§ 9-124
to 9-196 (Supp. 1983), and have found no statute which provides an expiration date for licenses. Section 9-143 states in part: `All bingo licenses and licenses to conduct a lottery by sale of pickle cards may be renewed annually. . . .' We are unable to say that this section provides that licenses shall be good for one year from the date of issuance. No such expression is contained within any of the statutory language. It is simply an indication that this is a license which must be renewed on an annual basis. It does not say one year from the date of issuance nor at any particular time during the year. It is therefore clear that the statutory provisions do not provide an expiration date.
In your second question you ask, `Does the Nebraska Department of Revenue or the Nebraska Bingo and Pickle Card Regulatory Commission have the authority to establish a uniform termination date for all bingo licenses of March 31st or any other date?' Neb.Rev.Stat. § 9-169 provides as follows:
`The commission shall adopt and promulgate such rules and regulations and prescribe all forms as are necessary to carry out the Nebraska Bingo and Pickle Card Regulatory Act.'
As we have pointed out above, there is no specified expiration date under the statutory enactment. Given that, one could validly argue either that the licenses must be renewed one year from the date of issuance or at some time during the year following the date of issuance. Obviously when you have a new statutory enactment that takes effect at the constitutionally prescribed time and requires the issuance of licenses, administrative inconvenience could result. It is also obvious that under the terms of the statute licenses may be issued at any time during as calendar year although the majority were probably issued either within the 30 days after the effective date of LB 259 or shortly thereafter to ongoing entities conducting lottery activities. Doubtless they are inconvenienced in having to secure a renewed license after less than a full year has expired under their old license. To require them to again renew the license after the expiration of less than one year would exacerbate that inconvenience.
Recognizing those problems, we must look to the authority granted to the commission. As to the first part of your question, clearly the Department of Revenue has no authority to determine what the expiration date will be. On the other hand, it seems just as clear to us that the commission does have such authority by virtue of § 9-169. The Nebraska Supreme Court in Board of Regents v. County of Lancaster,154 Neb. 398, 48 N.W.2d 221 (1951), said: `The courts generally hold such rules to be valid except where they are not germane to the purposes of the act, or where they are unreasonable and arbitrary.' The court went on in that case to say that where the Legislature sets reasonable limits and grants an administrative agency discretion to carry into effect the legislative purpose, rules adopted thereunder will be upheld. While we have acknowledged the inconvenience to applicants that may arise above, we do not believe that that rises to the level of arbitrary and capricious action. Should the board adopt such a rule, it would be our opinion that the rule was valid. They, of course, have not.
As a final caveat, we should point out that you have asked these questions with the view toward possible corrective legislation to make bingo licenses effective for one year following the date of issuance regardless of the date of issuance. It is for your guidance with respect to that possible legislation that we respond to your queries.
Sincerely, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General